IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH BRYAN WEBB,

    Petitioner,

v.                                         Civil Action No. 5:16CV44
                                                          (STAMP)
STEVEN FIGIEL, Acting Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO DISQUALIFY
AND RECUSE THE UNDERSIGNED JUDGE
AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.  Background

The pro se petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. In that petition, he asserts that he was wrongfully convicted of second degree murder. That petition, however, is not at issue regarding this memorandum opinion and order. Rather, at issue now is the petitioner's motion to disqualify and recuse the undersigned judge and his objections to a prior order entered by United States Magistrate Judge Robert W. Trumble. ECF No. 51.

Previously, the petitioner filed a motion to disqualify and recuse Magistrate Judge Trumble from presiding over his civil action. ECF No. 43. The petitioner asserted that the magistrate judge was biased because the magistrate judge made an adverse ruling against the petitioner. After reviewing the petitioner's

affidavit in support of his motion and the petitioner's other filings, Magistrate Judge Trumble denied the petitioner's motion.

The petitioner has since filed not only objections to the order denying his motion to disqualify and recuse the magistrate judge, but has also filed a motion to disqualify and recuse the undersigned judge under 28 U.S.C. §§ 144 and 455(a). ECF No. 51. In his objections, the petitioner asserts that the magistrate judge is biased against the petitioner based on adverse rulings. As to his motion to disqualify and recuse the undersigned judge, he contends that this Court's prior rulings were adverse to the petitioner. Moreover, he attaches an affidavit, in which he claims this Court should have known that the magistrate judge's prior rulings were biased, and that he faces great prejudice based on the conduct of Magistrate Judge Trumble and the undersigned judge.

For the reasons set forth below, the petitioner's motion to recuse the undersigned judge is DENIED, and his objections to Magistrate Judge Trumble's prior order are OVERRULED.

## II. Applicable Law

Under 28 U.S.C. §§ 144 and 455, a litigant may request the recusal of a federal judge. In particular, 28 U.S.C. § 144 ("§ 144") states the following:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further

2

> therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Furthermore, 28 U.S.C. § 455(a) ("§ 455") states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Motions based on either § 144 or § 455 must be more than conclusory in nature or void of facts. Usually, a showing of extrajudicial personal bias and prejudice must exist, and adverse rulings alone are generally insufficient to demonstrate bias and prejudice. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] when no extrajudicial source is involved." (citation omitted)); United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984) ("Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.").

III. Discussion

In the petitioner's motion at issue, the petitioner attached an affidavit of disqualification regarding his claim under § 144. In that affidavit, the petitioner contends that this Court's adverse rulings against him, and this Court's failure to object to the magistrate judge's alleged bias, require the undersigned judge to be disqualified. Other than those conclusory allegations and prior rulings, the petitioner points to neither personal bias nor extrajudicial conduct by the undersigned judge. Case law is clear that affidavits of disqualification must allege personal rather than judicial bias. <u>United States v. Thompson</u>, 483 F.2d 527 (3d Cir. 1973). Mere conclusions are insufficient. Instead, the affidavits must show facts demonstrating the existence of a judge's personal bias and prejudice. <u>Knoll v. Secony Mobile Oil Company</u>, 369 F.2d 425 (10th Cir. 1966).

The petitioner's claim under § 144 lack merit. His affidavit of disqualification is insufficient so as to satisfy the applicable legal standard. The contentions in that affidavit are conclusory at best, and demonstrate neither personal bias nor extrajudicial conduct by the undersigned judge. Moreover, his contentions under § 455 are equally misguided. As stated earlier, a "district judge should recuse himself if his "'impartiality might reasonably be questioned.'" <u>United States v. Johnson</u>, 593 F. App'x 186 (4th Cir. 2014)(quoting 28 U.S.C. § 455(a)). As the United States Court of

4

Appeals for the Fourth Circuit has said, "[t]he inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (citing Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978)). Furthermore, the alleged bias under § 455 must "derive from an extra-judicial source." In re Beard, 811 F.2d at 828. Nonetheless, judges are not to recuse themselves lightly under § 455(a). United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000).

In this case, the petitioner has presented no facts or evidence which would raise a reasonable basis for questioning the undersigned judge's impartiality. The petitioner relies primarily on adverse rulings made by this Court and the magistrate judge. The Supreme Court of the United States, however, has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555 (citing Grinnell Corp., 384 U.S. at 583). Therefore, the petitioner's arguments under § 455 lack merit. Finally, regarding his objections, the petitioner states that he objects to the magistrate judge's order denying his motion to recuse the magistrate judge. The petitioner presents nothing more than conclusions and bald assertions in support of his objections. Similar to his motion to disqualify and recuse the undersigned judge, the petitioner's

objections lack merit.  Therefore, the petitioner's motion to disqualify and recuse the undersigned judge is hereby DENIED, and his objections are OVERRULED.

IV. <u>Conclusion</u>

For the reasons set forth above, the petitioner's motion to disqualify and recuse the undersigned judge is DENIED, and his objections are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

DATED:     July 19, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE