IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH BRYAN WEBB,

    Petitioner,

v.                                  Civil Action No. 5:16CV44
                                         (STAMP)
STEVEN FIGIEL, Acting Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.   Background

At issue is the petition of the pro se[1] petitioner, a federal prisoner, filed under 28 U.S.C. § 2241 ("§ 2241"). The petitioner was convicted in the United States District Court for the Western District of Texas of second degree murder in violation of 18 U.S.C. § 1111 and two counts of injury to a child in violation of 18 U.S.C. §§ 7 and 13 and Texas Penal Code § 22.04(a). In 1986, that court sentenced the petitioner to life imprisonment and two terms of thirty years imprisonment, all to be served concurrently. The petitioner's first parole hearing was conducted in June 1993, and the United States Parole Commission (the "Commission") denied the petitioner parole. Statutory interim hearings have been conducted

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

every two years since his first parole hearing, none of which has resulted in a change since the July 1993 decision.

On April 28, 2008, the Commission conducted the petitioner's fifteen year reconsideration hearing, which, pursuant to the Commission's rules, was conducted as a de novo evaluation of the petitioner's case looking at his entire incarceration as if it were a new initial hearing. After the petitioner's fifteen year reconsideration hearing, the Commission ordered that the petitioner serve the expiration of his sentence, and the National Appeals Board affirmed the Commission's decision on administrative appeal. Since the reconsideration hearing, the petitioner has continued to receive his biannual statutory interim hearings, and the Commission has not ordered at any of those hearings any change to its prior order that the petitioner serve the expiration of his sentence.

On January 16, 2014, the Commission conducted a mandatory parole hearing pursuant to 18 U.S.C. § 4206(d). As a result of that hearing, the Commission denied mandatory parole. The petitioner administratively appealed the decision, and the National Appeals Board affirmed the Commission's decision.

On January 5, 2016, the Commission attempted to conduct a statutory interim hearing for the petitioner, but the petitioner was uncooperative and refused to answer any of the examiner's questions. Eventually, the petitioner stood up and walked out of the hearing room, at which point the examiner informed him that his

leaving would be considered a waiver of parole and he would have to reapply to be placed back on the docket. The Commission issued a notice of action of January 27, 2016, which stated that the petitioner's failure to meaningfully participate in the interim hearing operated as a waiver of the hearing.

On March 31, 2016, the petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. In the petition, the petitioner alleges that (1) he is actually innocent of the crime of second degree murder because he was not indicted for that offense, (2) the Commission is unlawfully detaining him in violation of 18 U.S.C. § 4206(d), and (3) the Commission's failure to grant him parole constitutes cruel and unusual punishment. For relief, the petitioner seeks immediate release from federal custody. After a preliminary review of the file, the magistrate judge entered an order to show cause directing the respondent to show cause why the writ should not be granted.

The respondent then filed a motion to dismiss or, in the alternative, for summary judgment. The respondent argues that (1) the petitioner's innocence claim is an abuse of the writ and an improper claim under § 2241, and (2) the petitioner is not entitled to parole. The petitioner then filed his <u>Roseboro</u> response.

United States Magistrate Robert W. Trumble then entered a report and recommendation. In that report and recommendation, the magistrate judge recommends granting the respondent's motion to

dismiss or, in the alternative, for summary judgment and denying the petitioner's motion for expedited relief, motion for release on personal recognizance, and motion for judgment on the pleadings. The magistrate judge also recommends that the petition for writ of habeas corpus be denied and dismissed with prejudice.

The petitioner timely filed objections. Additionally, after the magistrate judge entered the report and recommendation, the petitioner filed motions for transfer of this civil action to the United States District Court for the Middle District of Pennsylvania. The petition explains in his motions for transfer that he has been transferred from FCI-Gilmer in West Virginia to USP-Allenwood in White Deer, Pennsylvania.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted, the petitioner's objections are overruled, and the petitioner's motions to transfer are denied.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be

upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

### III. <u>Discussion</u>

The magistrate judge correctly found that the petitioner's innocence claim is an abuse of writ because it is successive to the petitioner's prior § 2241 petition filed in the United States District Court for the District of Maryland on May 26, 2015. Section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2244(a) bars a subsequent § 2241 petition as a successive petition where the grounds raised in the subsequent petition were denied in a prior § 2241 action. See <u>Valona v. United States</u>, 138 F.3d 693, 695 (7th Cir. 1998); <u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997); <u>Byrd</u>

5

v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D. Pa. Nov. 5, 1997). Under the abuse-of-writ doctrine, a court may dismiss a subsequent petition when "a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks." Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986).

In this case, both the petitioner's first and second petitions raise the actual innocence claim, and the first petition in the District of Maryland was dismissed for lack of jurisdiction. ECF No. 22-3. Thus, the actual innocence claim in the second petition must be barred as successive and as an abuse of the writ. The second petition also raises a claim regarding identification of the child's body and prosecutorial misconduct in closing arguments, but those claims were available in 2015 and, thus, are also barred as successive and as an abuse of the writ.

The magistrate judge also correctly found that, even if the Court does not dismiss the actual innocence claim as an abuse of the writ, it must still be dismissed because the petitioner improperly filed a § 2241 petition without demonstrating that § 2255 is an inadequate or ineffective remedy regarding his claim that the indictment was defective.

A § 2255 petition is meant to challenge the validity of a conviction or sentence, and a § 2241 petition is intended to

address the execution of a sentence. Section 2255 expressly prohibits prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241 unless the savings clause of § 2255 applies. The savings clause of § 2255 has a stringent standard that the petitioner cannot satisfy. Under the § 2255 savings clause, it is the petitioner's burden to demonstrate that the § 2255 remedy is inadequate or ineffective. In the United States Court of Appeals for the Fourth Circuit, the § 2255 remedy is deemed inadequate or ineffective only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In this case, the petitioner cannot satisfy the second element of Jones because murder remains a criminal offense. Thus, even if he could satisfy the first and third elements, he is nonetheless not entitled to application of the savings clause because he has attacked the validity of his conviction but not satisfied all three required Jones elements. Accordingly, the petitioner has not demonstrated that the § 2255 remedy is inadequate or ineffective and has improperly filed a § 2241 petition.

As to the petitioner's contention that the Commission is unlawfully denying him parole in violation of 18 U.S.C. § 4206(d), the magistrate judge correctly found that the petitioner "makes no discernible argument that would support this Court's intervention in the decision by the Commission to deny him 'mandatory parole.'" ECF No. 57 at 13. The standard for mandatory parole is as follows:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms . . . **[p]rovided, however,** [t]hat the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d) (emphasis in original).

The hearing examiner at the petitioner's mandatory parole hearing conducted on January 16, 2014, noted the following:

> The Examiner finds that the prisoner has frequently or seriously violated the rules of the institution or that there is a likelihood that the prisoner will commit any Federal, State or local crime based on the following reasons: Specifically, you have a criminal record which begins at age 14 and culminated at age 23 with your brutal murder of a 6 year old boy. You slammed the victim's head against a wall, and then you immersed his body in scalding water causing the victim's skin to peel off from his thighs down. Finally, you buried your victim's body and threatened his mother to keep quiet. The Commission also finds you have serious[ly] violated the rules of the institution [in] which you were confined. Specifically, you have incurred six infractions consisting of engaging in sexual acts (including masturbating openly in front of female staff), the last occurring in February 2012 and you have two infractions involving assault. Your prior record, base

>       offense and institutional misconduct show a propensity
>       for deviant and violent behavior.

ECF No. 22-1 at 60. Thus, this Court agrees with the magistrate judge that the Commission properly adopted the hearing examiner's findings and did not abuse its discretion in doing so.

As to the petitioner's cruel and unusual punishment argument, the magistrate judge properly noted that parole is rehabilitative, not punitive. See Gagnon v. Scarpelli, 411 U.S. 778, 784 (1973). Thus, the magistrate judge correctly found that, because the Commission has not imposed punishment, the petitioner's Eighth Amendment claim must fail. See Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Denial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment."); Franklin v. Reilly, No. 1:08CV82, 2009 WL 86550, at *3-4 (N.D. W. Va. Jan. 9, 2009) ("[B]ecause parole proceedings are not a part of criminal prosecutions, the actions of the Commission do not constitute punishment.").

Lastly, the magistrate judge correctly found that the petitioner's challenge to the Commission's decision at his January 2016 parole hearing must also fail. "The Parole Act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981). The Commission's parole determination is only reviewable if the Commission "exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations."

9

Id. Here, the petitioner does not argue that any of those three exceptions are applicable to his January 2016 parole hearing. Thus, this Court does not have the authority to review the Commission's decision that the petitioner waived the hearing by failing to meaningfully participate in the hearing.

In the petitioner's motions to transfer, filed after the magistrate judge entered his report and recommendation, the petitioner argues that this Court no longer has jurisdiction because the petitioner is no longer incarcerated in the Northern District of West Virginia. The petitioner argues that, as a result of his transfer from FCI-Gilmer in West Virginia to USP-Allenwood in White Deer, Pennsylvania, his case must be transferred to the United States District Court for the Middle District of Pennsylvania because the warden of USP-Allenwood is his "present physical immediate confinement custodian."

However, this Court does continue to have jurisdiction over the petitioner's case despite his transfer to USP-Allenwood. In considering another § 2241 petition, the Fourth Circuit held that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564, 564 (4th Cir. 1994) (unpublished) (citing Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)); see also Santillanes v. U.S. Parole Commission, 754 F.2d 887, 888 (10th

Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by transfer of the petitioner and the accompanying custodial change." (citing Ahrens v. Clark, 335 U.S. 188, 193 (1948))); Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("Once the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district."). Thus, the petitioner's motions to transfer must be denied.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 57) is AFFIRMED and ADOPTED. Therefore, the respondent's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 21) is hereby GRANTED, and the petition for habeas corpus under § 2241 (ECF No. 1) is DISMISSED WITH PREJUDICE. The petitioner's motion for expedited relief (ECF No. 6), motion for release on personal recognizance (ECF No. 20) and motion for judgment on the pleadings (ECF No. 32) are DENIED. Additionally, the petitioner's motions to transfer (ECF Nos. 65, 66, and 67) are DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 27, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE